## Perkins v. Mitchell et al.

(Decided April 27, 1937.)

J. B. CAMPBELL and R. S. ROSE for appellant.

J. J. TYE, J. D. TUGGLE and TUGGLE & TUGGLE for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and dismissing in part.

The appellant, S. M. Perkins, filed a petition in equity in the Knox circuit court on August 10, 1934, in which he asked judgment for $200, with interest thereon from March 20, 1925, and that certain land described in the petition be sold and the proceeds applied to the payment of his debt, interest, and costs. Matthew Mitchell and Ellen Mitchell, his wife, and seven other persons were named defendants.

The plaintiff alleged in his petition that on or about March 20, 1925, he loaned to the defendants $200, and to secure the payment of the same, with interest thereon, they executed and delivered to him a mortgage on a tract of land in Knox county which was described by metes and bounds. At the conclusion of the description this appeared:

"So as to include all the interest of the Huddleston heirs in John Black farm."

This allegation appears in the petition:

"He says the defendant Matthew Mitchell and Mary Rasnick are claiming some part of said land, but which part plaintiff does not know, and has no means of finding out; and he asks that they be made parties and summoned herein."

On November 22, 1934, Matthew Mitchell and Ellen

Mitchell, his wife, filed an answer and counterclaim in which they alleged that they then were, and had been since long before March 30, 1925, the date of the alleged loan mentioned in the petition, the owners of three tracts of land in Knox county which were described by metes and bounds. They also alleged that on March 20, 1925, there was pending in the Knox circuit court an action in which the title to this land was involved. The plaintiffs in that action were Matthew Mitchell and Ellen Mitchell, and the defendants were Debby Huddleston, William Huddleston, Homer Huddleston, Lula Huddleston, Ada Mills, Bertha Richards, Bell Mills, and Eliza Barker, all of whom were also defendants in this action. It was further alleged that in the action referred to judgment was rendered adjudging that the Mitchells were the owners of the land described in the answer and counterclaim. They denied that the plaintiff loaned to them, or either of them, $200, or any other sum, and they denied that they executed or delivered to him the mortgage mentioned in the petition. The prayer reads as follows:

"The answering defendants pray that the judgment, if any, rendered in this action asserting a lien in favor of the plaintiff, on the land described in the petition, specifically exclude the land described herein, and that said judgment be not rendered against any of the land described herein."

On July 6, 1935, an order was entered overruling plaintiff's demurrer to the answer and counterclaim of the Mitchells, and the order concluded:

"Plaintiffs are given to September 1st, to prepare their case; to October 1st, for defendants to prepare their side; and to October 15th, for rebuttal."

The next order appearing in the record is dated November 21, 1935, and reads:

"This cause having been heretofore submitted to this court on the plaintiff's general demurrer to the answer and each paragraph thereof separately, and same having been overruled and plaintiff excepted to same, the plaintiff declines to plead further, herein, and his petition is dismissed, to which action of the court, he excepted and prays an appeal to the Court of Appeals of Kentucky, which is granted."

The appeal granted by the circuit court was a nullity because of the amount involved, but the plaintiff filed a transcript of the record in the office of the clerk of this court and requested that he grant the appeal. This will be treated as a motion for an appeal under section 950-1 of the Kentucky Statutes.

Due to the manner in which the case has been practiced, it is difficult to determine just what issues, if any, have been raised between the plaintiff and the various defendants. The petition is indefinite, and it is not clear from it who signed the alleged mortgage, but it appears that Matthew Mitchell, Ellen Mitchell, and Mary Rasnick were made defendants because they were claiming ownership of the mortgaged land, or some part of it. The record fails to show that any of the defendants except the Mitchells were before the court when the judgment was entered overruling the demurrer to the answer filed by Matthew Mitchell and wife and dismissing plaintiff's petition. The Mitchells were the only defendants who entered their appearance, and the case seems to have developed into a contest between them and the plaintiff probably because the land described in the answer included all of the land described in the petition on which the plaintiff was seeking to fasten a lien. But whether or not this is true is not disclosed by the record. The answer alleged that Matthew Mitchell and his wife were the owners and in possession of three certain described tracts of land in Knox county, and were the owners of them long before the alleged mortgage was executed. It also denied that they had executed or delivered a mortgage on the land to plaintiff or had borrowed any money from him. The prayer merely asked that the land claimed by the defendants and described in their answer be excluded from the effect of any judgment that might be entered and not subjected to the payment of the alleged debt. The answer presented a good defense, and the court properly overruled the plaintiff's demurrer. When he declined to plead further, the court could only enter a judgment in favor of the Mitchells on the pleadings.

Appellant's brief and reply brief are devoted almost entirely to a discussion of the doctrine of res adjudicata, and he argues that the allegations in the answer relative to the litigation between the Mitchells

and the Huddleston heirs are not sufficient to constitute a plea of res adjudicata, since at least one of the necessary elements, identity of parties, is lacking. We think he has misconceived the purpose and tenor of the answer. The allegations relative to the former litigation were unnecessary, and, at most, were evidentiary. They were not made as a plea of res adjudicata. The answer denied that the defendants were indebted to the plaintiff, and also that they had signed the alleged mortgage. It affirmatively alleged that the defendants were the owners of three specifically described tracts of land, and that by reason of their ownership of these tracts at the time the mortgage was executed the lien could not attach to their land. The judgment dismissing the petition was evidently intended to apply only to the two answering defendants, since the sole question before the court at that time was the correctness of its ruling on the demurrer to the answer. We must assume that it was not the intention of the court to affect appellant's rights against those defendants who were not before the court or who had not answered. That being true, they were not proper or necessary parties to this appeal.

The motion for an appeal is sustained, the appeal granted, and the judgment affirmed as to the appellees Matthew Mitchell and Ellen Mitchell, and as to the other appellees the appeal is dismissed.